UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TERRY BOUTTE, JR.,**

    **Plaintiff,**

    v.                                     **Civil Action 2:25-mc-20**
                                                **Judge Michael H. Watson**
**JACKSON OFFSHORE OPERATORS,**      **Magistrate Judge Chelsey M. Vascura**
**LLC,** *et al.***,**

    **Defendants.**

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Terry Boutte, Jr.'s Motion to Quash Defendants' Subpoena to Non-Party Smart Reviews, LLC (ECF No. 1). For the following reasons, the Motion to Quash is **TRANSFERRED** to the Southern District of Texas pursuant to Federal Rule of Civil Procedure 45(f).

**I.**    **BACKGROUND**

The subpoena in question arises out of underlying litigation pending in the Southern District of Texas, captioned *Terry Boutte, Jr. v. Jackson Offshore Operators, LLC, et al.*, No. 4:22-cv-948 (the "Texas litigation"). Plaintiff sues various entities connected to the vessel and platform he was working on when he was injured, allegedly due to Defendants' negligence.

Discovery in the Texas litigation closed in December 2024; however, Defendants Jackson Offshore Operators, LLC, and Chevron USA, Inc., obtained leave of Court to serve additional subpoenas in July 2025. (Texas Litigation, ECF No. 209.) Defendants issued subpoenas to, among others, non-parties Smart Reviews, LLC, and Elite Medical Wellness, LLC. Smart

Reviews is an Ohio-based medical litigation management company that Plaintiff's counsel retained in this case, and other similar cases, to provide medical chronologies, damages charts, and other medical litigation assistance. At issue here, Defendants' subpoena to Smart Reviews seeks (1) documents related to the services provided by Smart Reviews to Plaintiff, including Smart Review's referral of Plaintiff to Elite Medical Wellness for mental health treatment, and (2) documents concerning all of Smart Reviews' services rendered at the request of Plaintiff's counsel's law firm, Arnold & Itken, or any of Smart Reviews' referrals to Elite Medical Wellness, regardless of whether those documents relate to the Plaintiff in this case. Defendants argue that these documents are necessary to prove that Elite Medical Wellness, the main source of evidentiary support for Plaintiff's claims of mental anguish and inability to return to work, is not an independent, disinterested, "non-retained" expert as represented by Plaintiff.

Plaintiff moves to quash the subpoena because it seeks privileged discovery from a non-testifying expert in violation of Federal Rule of Civil Procedure 26(b)(4)(D) and the work-product doctrine. Plaintiff further argues that compliance with the subpoena would improperly require Smart Reviews to produce documents related to another Texas state-court case in which Defendant's counsel, Todd G. Crawford, was disqualified and sanctioned.

Plaintiff recently notified the court in the Texas litigation that it no longer intends to call Dr. Hayes of Elite Medical Wellness as a witness. (Texas Litigation, ECF No. 223.) Plaintiff contends that this decision moots all pending third-party discovery disputes. (*Id.*) Defendants disagree that the discovery disputes are moot. (Texas Litigation, ECF No. 224.) A jury trial is set to begin in the Texas litigation on December 8, 2025. (Texas Litigation, ECF No. 222.)

## II. STANDARDS GOVERNING SUBPOENAS

Under Rule 45 of the Federal Rules of Civil Procedure, a party may command a nonparty to attend and testify at a deposition. Fed. R. Civ. P. 45(a). Rule 45 permits the Court to "hold in

2

contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

Rule 45(f) also permits the transfer of a subpoena-related motion "to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f); *see also* Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment ("In the absence of consent, the court may transfer in exceptional circumstances, . . . transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts."). In determining whether exceptional circumstances exist, courts should consider "case complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Parker Compound Bows, Inc. v. Hunter's Mfg. Co. Inc.*, No. 5:15-MC-00064, 2015 WL 7308655, at *1 (N.D. Ohio Nov. 19, 2015) (quoting *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014)). The Court must then weigh those circumstances against the interests of the nonparty in obtaining local resolution of the motion. Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment ("The prime concern should be avoiding burdens on local nonparties subject to subpoenas."). The decision whether to transfer a motion under Rule 45(f) is discretionary and may be made either on motion or *sua sponte*. *See, e.g.*, *F.T.C. v. A+ Fin. Ctr., LLC*, No. 1:13-MC-50, 2013 WL 6388539, *6 (S.D. Ohio Dec. 6, 2013); *Victim Servs., Inc. v. Consumer Fin. Prot. Bureau*, 298 F. Supp. 3d 26, 28 (D.D.C. 2018).

### III. ANALYSIS

The undersigned finds that transferring the Motion to Quash to the Southern District of Texas pursuant to Rule 45(f) is appropriate. That Court is in a much better position to assess the relevance and privilege of the documents sought by Defendants' subpoena to Smart Reviews.

3

The Southern District of Texas has presided over the underlying litigation for several years and has already addressed several discovery disputes, including the permissibility of issuing the subject subpoena, and is intimately familiar with the underlying facts and legal issues in the case. Indeed, the Southern District of Texas recently encouraged the parties to consider whether all currently pending discovery disputes could be consolidated and heard before that court. (Texas Litigation, ECF No. 217.) The parties concluded that consolidation was not feasible solely because Smart Reviews declined an invitation to transfer the subject Motion to Quash to the Southern District of Texas. (Texas Litigation, ECF No. 218.) Yet Smart Reviews has not appeared to address the subpoena in this Court, either. Accordingly, the undersigned concludes that judicial economy would be served by having all discovery disputes resolved by the same court. *See A+ Fin. Ctr.*, 2013 WL 6388539 at *3 (finding exceptional circumstances warranting transfer of subpoena-related motions to quash when transferring the matter was in "the interests of judicial economy and avoiding inconsistent results").

Moreover, discovery in the Texas Litigation closed some time ago and the case is set for trial in less than two months. In such circumstances, "[t]ransfer can be appropriate when it would avoid interference with a time-sensitive discovery schedule issued in the underlying action." *Gov't Emps. Health Ass'n v. Actelion Pharms., Ltd.*, No. 2:22-MC-37, 2022 WL 5414401, at *2 (S.D. Ohio Oct. 7, 2022) (quoting *Lipman v. Antoon*, 284 F. Supp. 3d 8, 12 (D.D.C. 2018)). Such is the case here. *See*, *e.g.*, *Deman Data Sys. v. Schweikert*, No. CV 14-199-DLB-CJS, 2015 WL 12977016, at *2–3 (E.D. Ky. Jan. 12, 2015) (transferring under Rule 45(f), expressing "concern[ ] that a ruling on the pending Motion to Compel may disrupt the [issuing court's] case schedule").

Finally, the burden on non-party Smart Reviews of having this dispute adjudicated by the Southern District of Texas will be slight. Rule 45(f) allows counsel for Smart Reviews to file papers and appear on the Motion to Quash as officer of the Southern District of Texas. Further, it is unlikely that any travel will be required of Ohio-based counsel, as several discovery-related conferences in the Texas litigation have been held via video conference. *See also Hayward Prop., L.L.C. v. Commonwealth Land Title Ins. Co.*, No. 20-50286, 2020 WL 3104288, at *2 (E.D. Mich. June 11, 2020) (transferring pursuant to Rule 45(f) and noting burden on nonparty would be minimal due to courts' widespread use of video- and teleconferencing in the wake of COVID-19). Thus, the undersigned finds any burden of transfer on Smart Reviews to be outweighed by the exceptional circumstances outlined above.

## IV.   DISPOSITION

For the reasons set forth above, the Clerk is **DIRECTED** to **TRANSFER** Plaintiff's Motion to Quash to the Southern District of Texas, Houston Division, *Terry Boutte, Jr. v. Jackson Offshore Operators, LLC, et al.*, No. 4:22-cv-948, and close this miscellaneous action.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

5